UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-60475-RNS

RANDI POLLACK,
and ALAN POLLACK,

    Plaintiffs,

-vs-

SETERUS, INC.,

    Defendant.

_____

**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

Plaintiffs RANDI POLLACK and ALAN POLLACK, by and through undersigned counsel, file their Response to Defendant SETERUS' Motion to Dismiss With Incorporated Memorandum of Law (D.E. 9), and state:

1. Plaintiffs' lawsuit arises from violation of the Real Estate Settlement Procedures Act ("RESPA"). 12 U.S.C. §2605 and its implementing regulation, 12 C.F.R. §1024 ("Regulation X").

2. Specifically, the Plaintiffs claim that the Defendant failed to respond to their November 28, 2016 Request for Information, which resulted in Plaintiffs having to send the February 22, 2016 Notice of Error.  In turn, when the Defendant finally responded to the November 28, 2016 Request for Information on April 13, 2017 (four and a half months later and after the lawsuit was already filed), the Defendant claimed that the requested documents did not trigger an obligation to respond under RESPA.

3. In its Motion to Dismiss, the Defendant argues that: (1) the Doctrine of Judicial Estoppel bar Plaintiff's claims given that there is a pending Chapter 13 bankruptcy action for which the Plaintiffs failed to timely disclose this lawsuit, (2) Plaintiffs failed to allege any violations of

RESPA, (3) and Plaintiffs failed to allege any actual controversy for declaratory or injunctive relief. Pursuant to the reasons set forth herein, the Defendant's first and second arguments are without merit and the Motion to Dismiss must be denied on these grounds. However, Plaintiffs agree that Count II for Injunctive Relief should be dismissed.

## I - Doctrine of Judicial Estoppel

Judicial estoppel is an equitable doctrine intended to protect the integrity of the court by preventing a party from intentionally changing positions in litigation depending upon the "exigencies of the moment." New Hampshire v. Maine, 532 U.S. 742, 753 (2001). The United States Supreme Court recognized that judicial estoppel cannot be considered in the light of a judicial test, and should be considered in the context of three flexible factors: (1) a party's position must be 'clearly inconsistent' with its earlier position, (2) a court must have accepted the party's earlier position so that acceptance of the second position would create the perception that one court or the other was misled, and (3) a party will derive an unfair advantage from the opposing party if not estopped. Id. at 750-51. The Eleventh Circuit Court of Appeals considers two additional factors: (1) the allegedly inconsistent positions must have been made under oath, and (2) the inconsistencies must have been made with the intent to "make a mockery of the judicial system." Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1285 (11th Cir. 2002).

Some of these factors concern a factual inquiry into Plaintiffs' motive and intent, which should be considered outside the context of a motion to dismiss proceeding. In re Southeast Banking Corp. Securities and Loan Loss Reserve Litigation, 147 F.Supp. 2d 1348, 1353 (S.D. Fla. 2001). In stating this, Plaintiffs recognize that in some circumstances, motive and intent can be inferred from the record. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1275 (11th Cir. 2010). However, while motive and intent may be inferred from the record, it is not always the

case that motive and intent should be conclusively determined from the record.  The failure to disclose may, in fact, be inadvertent if "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment."  Barger v. City of Cartersville, 348 F.3d 1289, 1296 (11th Cir. 2003).  In short, "[w]hen reviewing potential motive, the relevant inquiry is intent at the time of non-disclosure." Robinson, 595 F.3d at 1276; *see also*, Ajaka v. Brooksamerica Mort. Corp., 453 F.3d 1339, 1346 (11th Cir. 2006) ("[B]ecause we are convinced that there is insufficient proof of [plaintiff's] intent to support the district court's grant of summary judgment to the Defendants, the fact that there may have been a motive to conceal the… claim… is not dispositive").

There will certainly be times where motive and intent are self-evidence from the record.  A motivation to conceal would certainly exist where a plaintiff stood to "reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors." Superior Crewboats, Inc. v. Primary P&I Underwriters, 374 F.3d 330, 336 (5th Cir. 2004).  This RESPA case will not result in a windfall for the Plaintiffs.  In fact, the Plaintiffs brought the lawsuit to obtain the documents necessary to demonstrate Defendant's dual tracking violations:

> …Defendant's belated claim is belied by the fact that the Plaintiffs, acting in their *pro se* capacity, had been consistently arguing with the Defendant of violations of dual tracking prior to this lawsuit having been filed.  In this respect, the Plaintiffs submitted claims to the Consumer Finance Protection Bureau arguing that the Defendant was improperly servicing their loan by committing dual tracking violations.  In turn, the Request for Information itself was intended to inquire as to Defendant's servicing of the loan, with the call notes and call logs being the fundamental underpinning of the servicing of the loan and the potential dual tracking violations.  Five months after sending the Request for Information, the Plaintiff is still no closer to obtaining the requested information.

Amended Complaint, ¶25 (DE 13).  In short, the Request for Information process and the succeeding lawsuit is a continuation of a long battle on the part of the Pollack family in their dispute over dual tracking.  In fact, the financial rewards to the Pollack family are

rather minimal.  As set forth in the Amended Complaint, the Plaintiffs are seeking recovery of their costs and legal fees related to the RFIs, photocopying and postage costs, and other miscellaneous expenses.  Amended Complaint, ¶26 (DE 13).  These are Plaintiff's recoverable damages.  12 U.S.C. §2605(f)(1)(A) (under RESPA, a plaintiff may recover actual damages as a result of a loan servicer's failure to respond to a Qualified Written Request).  If Plaintiff's could demonstrate a pattern or practice, they could also recover up to $1,000 of additional damages.  12 U.S.C. §2605(f)(1)(B).

The Defendant has requested this Court to take judicial notice of the bankruptcy filing, and the Plaintiff likewise requests the same of this Court.  Upon notification by the Defendant of the error to amend the schedule to reflect the pending claim, the Plaintiffs sought the assistance of their bankruptcy counsel and filed the appropriate papers.  Exhibit 1.  Notably, an exemption has been claimed on the subject RESPA claim which, if not challenged, would result in the subject lawsuit being outside the bankruptcy estate.  No malevolent intent should be inferred under these circumstances.

There is no windfall to the Plaintiffs in the context of a RESPA lawsuit.  This lawsuit arose out of the Plaintiff's inability to have their dual tracking claim resolved and their necessity to see the call logs and call notes to verify their claim that the Defendant was involved in dual tracking.  The Defendant should not be rewarded by being able to shield those documents because of a simple mistake on the part of the Plaintiffs.  In summary, from the records before this Court there is --at least-- a genuine dispute as to whether the failure to amend the bankruptcy schedules was an "unthinking or confused blunder" or "cold manipulation."  Ajaka, 453 F.3d at 1345 n.7 (citation and internal quotation marks omitted).  Accordingly, the Motion to Dismiss must be denied on these grounds.

## II - Violations of RESPA

The Defendants next argue that the November 2016 Request for Information was apparently not a Request for Information, and the Plaintiffs otherwise failed to allege actual or statutory damages.

With respect to the 2016 Request for Information, the Defendant argues that "call notes" and "call logs" do not arise to the level of documents and information required to be provided by the servicer under RESPA. In support, the Defendant singularly cites to the case of Hudgins v. Seterus, 192 F.Supp. 3d 1343 (S.D. Fla. 2016) for the proposition that the requested information must be "related to the servicing of a loan" and then infers that the "call logs" and "call notes" are not part of the servicing records. Defendant's inference is directly rejected by the language in *Hudgins* itself.

In *Hudgins*, the plaintiff sought to rely upon the case of Wilson v. Bank of America, N.A., 48 F.Supp. 3d 787 (E.D. Pa. 2014) for the proposition that Request for Information regarding loan modifications were proper. The Court disagreed with the analogy, but specifically recognized the documents requested in *Wilson* were properly deemed servicing records. Those documents were:

> Copies of the servicing logs related to contacts between Plaintiff and Defendant or between Plaintiff and employees/representatives of Defendant, audio files of telephone calls with Plaintiff, documents submitted by Plaintiff in support of her request for loan modification, property inspection reports, and invoices from Defendant's foreclosure firm.

Id. at 806. In doing so, the *Hudgins* Court noted that "*many* of the requested documents were available and were within the categories of documents that a servicer should provide." Hudgins, 192 F.Supp. 3d at 1350 (*quoting* Wilson, 48 F. Supp. 3d at 807).[1]

A servicer is required to respond to any written request for information from a borrower that "states the information the borrower is requesting with respect to the borrower's mortgage

loan." 12 C.F.R. §1024.36(a) (effective Jan. 10, 2014). Unlike the earlier version of this regulation that applied to qualified written requests, the scope of an information request under §1024.36 is no longer tied solely to the concept of information that is "related to the servicing of the loan." 12 C.F.R. § 1024.21(e)(2)(i) (effective until Jan. 10, 2014). It is self-evident that the requested information is covered under the 12 C.F.R. §1024.36(a). What constitutes the "servicing file" that the borrower may obtain through a request for information is addressed in the general servicing requirements of Regulation X, at § 1024.38. Although the general servicing requirements found in §1024.38 are not privately enforceable, they help to define the scope of a permissible request for information under § 1024.36 (which is enforceable by the borrower). Section 1024.38(c)(2) provides that a servicer is required to maintain the following documents and data on each mortgage loan account it services in a manner that facilitates compiling such documents and data into a servicing file within five days:

> (1) a schedule of all transactions credited or debited to the mortgage loan account, including any escrow account and any suspense account; (2) a copy of the security instrument that establishes the lien securing the mortgage loan; **(3) any notes created by servicer personnel reflecting communications with the borrower about the mortgage loan account**; (4) a report of the data fields relating to the borrower's mortgage loan account, to the extent applicable, created by the servicer's electronic servicing systems; and (5) copies of any information or documents provided by the borrower to the servicer in accordance with the notices of error procedures under §1024.35 or the loss mitigation procedures under § 1024.41

In simplest terms, the servicing file (by definition) includes the "call logs" and "call notes" sought by the Plaintiffs. Again, the Plaintiffs recognize that Section 1024.38 by itself is not enforceable, the statute must be read as a whole. Accordingly, the Plaintiff's Motion to Dismiss must be denied on these grounds.

With respect to the issue of actual damages, the Plaintiffs are seeking recovery of their costs and legal fees related to the RFIs, photocopying and postage costs, and other miscellaneous

expenses.  Amended Complaint, ¶26 (DE 13).  The Plaintiffs recognize that "costs incurred while preparing a qualified written request for information from a servicer cannot serve as a basis for damages because, at the time those expenses are incurred, there has been no RESPA violation."  Long v. Residential Credit Solutions, Inc., Case No. 9:15-CV-80590-ROSENBERG, 2015 WL 4983507, at*1 (S.D. Fla. Aug. 21, 2015).  As such, the Plaintiffs agree that they could not sue solely on the November 2016 RFI, as no actual damages would have been sustained at that point.  This notwithstanding, "alleged **photocopying costs, postage costs, and reasonable attorneys' fees incurred** after an incomplete or insufficient response to a QWR are actionable under RESPA."  Miranda v. Ocwen Loan Servicing, LLC, 148 F.Supp. 3d 1349, 1355 (S.D. Fla. 2015) (emphasis added).  As such, the Defendant's failure to even respond to the November 2016 RFI resulted in subsequent demands, each resulting in actual damages sufficient to recover under the RESPA.  Id.  Accordingly, the Motion to Dismiss must be denied on this ground.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished this 12th day of June 2017 to Hector Lora, Esq. all other parties designated to receive service through the CM/ECF system.

                Respectfully submitted,

                BRUCE BOTSFORD, P.A.
                1615 S.W. 2nd Avenue
                Ft. Lauderdale, Florida 33315
                Telephone: (954) 990-4213

                By: *Bruce Botsford*
                Bruce Botsford
                Florida Bar No. 31127

| Fill in this information to identify your case and this filing: | | |
|---|---|---|
| Debtor 1 | **Alan Craig Pollack** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Randi Sue Pollack** | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA | |
| Case number | 13-30086-RBR | |

■ Check if this is an amended filing

Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ■ No. Go to Part 2.
   ☐ Yes. Where is the property?

**Part 2:** Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ■ No
   ☐ Yes

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................=>   **$0.00**

**Part 3:** Describe Your Personal and Household Items

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|
| 6. **Household goods and furnishings** *Examples:* Major appliances, furniture, linens, china, kitchenware  ■ No  ☐ Yes. Describe..... | |
| 7. **Electronics** *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games  ■ No  ☐ Yes. Describe..... | |

Debtor 1 **Alan Craig Pollack**
Debtor 2 **Randi Sue Pollack**                                                Case number *(if known)* **13-30086-RBR**

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ■ No
    ☐ Yes. Describe.....

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ...............................................................................      **$0.00**

### Part 4: Describe Your Financial Assets

**Do you own or have any legal or equitable interest in any of the following?**     **Current value of the portion you own?** Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes...........................................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ■ No
    ☐ Yes........................                       Institution name:

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes..................                    Institution or issuer name:

| Debtor 1 | **Alan Craig Pollack** | | |
|---|---|---|---|
| Debtor 2 | **Randi Sue Pollack** | Case number *(if known)* | **13-30086-RBR** |

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes. Give specific information about them...................
                    Name of entity:                      % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
                    Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
                    Type of account:                Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. .....................                Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes.............        Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes.............        Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes. Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

28. **Tax refunds owed to you**
    ■ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ■ No
    ☐ Yes. Give specific information......

Official Form 106A/B                Schedule A/B: Property                page 3
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor 1 | **Alan Craig Pollack** | | |
|---|---|---|---|
| Debtor 2 | **Randi Sue Pollack** | Case number *(if known)* | **13-30086-RBR** |

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
    ■ No
    ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ■ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    Company name:   Beneficiary:   Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☐ No
    ■ Yes. Describe each claim.........

    > **Debtors have filed a federal lawsuit against Seterus for injunctive relief and damages from violations by the lender with regards to Debtors' homestead real property. Proceeds from the suit, if any, will be minimal (less than $3,000) and since they encompass late fees and attorneys fees from the alleged handling of the account, the proceeds may be exempt as it relates to the homestead exemption under Florida Constitution Article X, Section IV.**                                    **Unknown**

35. **Any financial assets you did not already list**
    ■ No
    ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.**................................................................................................................... **$0.00**

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes. Go to line 38.

**Part 6:** Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes. Go to line 47.

**Part 7:** Describe All Property You Own or Have an Interest in That You Did Not List Above

Official Form 106A/B                    Schedule A/B: Property                    page 4

| Debtor 1 | **Alan Craig Pollack** | | |
|---|---|---|---|
| Debtor 2 | **Randi Sue Pollack** | Case number *(if known)* | **13-30086-RBR** |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** .................................... **$0.00**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55. **Part 1: Total real estate, line 2** ........................................................................................................ **$0.00**
56. **Part 2: Total vehicles, line 5** — $0.00
57. **Part 3: Total personal and household items, line 15** — $0.00
58. **Part 4: Total financial assets, line 36** — $0.00
59. **Part 5: Total business-related property, line 45** — $0.00
60. **Part 6: Total farm- and fishing-related property, line 52** — $0.00
61. **Part 7: Total other property not listed, line 54** + $0.00

62. **Total personal property.** Add lines 56 through 61... **$0.00**   Copy personal property total   **$0.00**

63. **Total of all property on Schedule A/B**. Add line 55 + line 62   **$0.00**

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Alan Craig Pollack | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if filing) | Randi Sue Pollack | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA | | |
| Case number (if known) | 13-30086-RBR | | |

☐ Check if this is an amended filing

## Official Form 106Dec
## Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X /s/ Alan Craig Pollack
Alan Craig Pollack
Signature of Debtor 1

X /s/ Randi Sue Pollack
Randi Sue Pollack
Signature of Debtor 2

Date **April 12, 2017**

Date **April 12, 2017**

Official Form 106Dec         Declaration About an Individual Debtor's Schedules

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                                                   Case No. 13-30086-RBR
                                                                                          Chapter 13
Alan Craig & Randi Sue Pollack,

_____Debtor(s)_____/

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true copy of the Amended Schedule B was served by U.S. Mail to the parties listed herein on April 14, 2017 and by ECF to Robin R. Weiner, Trustee; Thomas Cifelli, Anthony Colunga and Gerard Kouri Jr for USAA Federal Savings Bank and AUST on April 13, 2017.

                                                                                       */s/ Donna A. Bumgardner*
                                                                    Signature of Attorney for Serving Party

                                                                    Donna A. Bumgardner, Esquire
                                                                    Bumgardner & Associates, P.A.
                                                                    7707 N. University Drive, #103
                                                                    Tamarac, Florida 33321
                                                                    954-724-4366 Phone
                                                                    DonnaBkcLaw@AOL.com
                                                                    Florida Bar No: 744890

Alan & Randi Pollack
via e-mail to:
█████████████████

PRA Receivables Management
POB 41067
Norfolk, Va 23541

LF-46 (rev. 12/01/09)