United States District Court
for the
Southern District of Florida

| Randi Pollack and Alan Pollack, | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-60475-Civ-Scola |
| | ) | |
| Seterus, Inc., Defendant. | ) | |

**Order Denying Motion to Dismiss**

Homeowners Randi and Alan Pollack complain that their home-loan servicer, Seterus, Inc., failed to properly respond to their request for information as required by the implementing regulations of the Real Estate Settlement Procedures Act. Seterus counters that the Pollacks' complaint should be dismissed because their request for information did not meet certain statutory requirements and therefore no response was required. Seterus also argues the Pollacks have not adequately alleged they suffered any actual damages. Seterus has not persuaded the Court that the Pollacks have failed to properly allege a regulatory violation or resulting actual damages arising out of that violation. On the other hand, the Court also concludes that the Pollacks have conceded that neither their claim for statutory damages nor injunctive relief is viable. The Court therefore **grants in part and denies in part** Seterus's motion (**ECF No. 17**).

1. **Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly,* 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 2. Facts as Alleged

The Pollacks, on November 28, 2016, sent a letter to Seterus, asking for information related to their home loan: telephone call notes; text messages; call logs; a list of all outbound calls conducted and created since Seterus began servicing their loan; and copies of all documents Seterus ever sent to the Pollacks. When, after nearly three months had passed, the Pollacks had not received a timely acknowledgement or response to their request, they sent Seterus, on February 22, 2017, a notice of error. On March 2, 2017, Seterus finally sent an acknowledgment letter although that letter did not specify whether it was in response to the Pollack's initial request for information related to their home loan or to their later-sent notice of error. Then, on April 13, 2017, Seterus sent a response to the Pollacks, explaining that it believed Seterus had no obligation to reply to their request under RESPA. Believing Seterus's response to be mistaken, the Pollacks sent a second notice of error, on May 5, 2017.

Because of Seterus's improper response to their correspondence, the Pollacks claim they suffered damages in the form of:

> (1) costs and legal fees incurred to prepare each subsequent request for information and subsequent notices of error; (2) costs incurred in connection with the photocopying and mailing of the requests for information and notices of error; (3) costs incurred in the form of time spent, transportation costs, and other expense incurred during the process of obtaining the Defendant's compliance with Regulation X.

(Am. Compl. ¶ 26, ECF No. 13, 6.) The Pollacks also allege entitlement to statutory damages as well. (*Id.*)[1]

### 3. Discussion

### A. The Pollacks' initial correspondence triggered Seterus's response obligations.

In its motion, Seterus focuses on the Pollacks' failure to properly allege a RESPA statutory claim. In accordance with 12 U.S.C. § 2605(e)(1)(A), under RESPA, "a qualified written request from a borrower for information" about a home loan, triggering servicer-response obligations, must relate "to the servicing of such loan." "Servicing," in turn, is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3). The Court agrees with Seterus that the Pollacks' request for information does not, in fact, relate to the servicing of their loan: they did not ask Seterus about any loan payments or allege any type of servicing error.

The Pollacks, however, have not brought their claim under only RESPA's statutory provisions. Instead, they complain Seterus has violated a provision of Regulation X, RESPA's implementing regulations. Under Regulation X, a servicer is required to respond, as directed elsewhere in the regulations, to "any written request for information . . . that . . . states the information the borrower is requesting with respect to the borrower's mortgage loan." 12 C.F.R. § 1024.36(a). Seterus has not pointed to anything in the regulation, as opposed to the RESPA statutory provision described above, that requires the borrowers' request for information to relate to the actual servicing of their loan.

To support its contention that the Pollacks' request for information did not trigger its obligations to respond, Seterus relies primarily on *Hudgins v. Seterus, Inc.* as persuasive authority. 192 F. Supp. 3d 1343 (S.D. Fla. 2016) (Bloom, J.). That case, however, is readily distinguishable from this one. In *Hudgins*, the Court noted the parties' agreement that, in order to state a claim, the plaintiff was required to allege, among other things, that its "qualified written request" "relates to [the] servicing of [a] mortgage loan." *Id.* at 1348–49 ("Plaintiff appears to concede that in order to survive dismissal, the [request for information] referenced in the Compliant must request information that relates to the servicing of a loan."). Based on the way the parties had framed the issues, the *Hudgins* court thus had no occasion to apply the Regulation X definition. Here,

---

[1] The Pollacks additionally included a claim for injunctive relief in their complaint but have since agreed that count—count 2—should be dismissed. (Pls.' Resp., ECF No. 23, 2.)

in contrast, the Pollacks, in opposition to the motion to dismiss, specifically cite to the regulation's definition of a qualifying request for information, maintaining that "the scope of an information request under § 1024.36 is no longer tied solely to the concept of information that is related to the servicing of the loan." (Pls.' Resp. at 6 (quotation marks in original omitted).)

 The other cases relied upon by Seterus, though mentioned only in passing, are also unavailing. For example, the Court does not find the reasoning presented by the court in *Wesner v. Ocwen Loan Servicing, LLC* applicable to this case. No. 16-81476-CIV, 2016 WL 9649873, at *3 (S.D. Fla. Nov. 14, 2016) (Marra, J.), *aff'd*, 693 F. App'x 867 (11th Cir. 2017). There the court focused on whether the plaintiff's informational inquiry satisfied the definition of a "qualified written request" under the statute and considered the regulatory definition of a request for information only incidentally. Notably, the court there pointedly maintained that "[a]t the motion to dismiss stage, the Court must determine whether Plaintiff's [request for information] qualifies as a [qualified written request] 'that requests information relating to the servicing of the mortgage loan.'" *Id.* (citing 12 C.F.R. § 1024.336(a)). The *Wesner* court did not apply the more expansive regulatory definition of a "request for information" to the facts before it. Similarly, while the court in *Baez v. Specialized Loan Servicing, LLC* noted in passing that 12 C.F.R. § 1024.36 "defines an RFI as [a] request for information relating to the servicing of the loan," the actual issue in that case was whether the plaintiff had sufficiently alleged damages in her complaint. 219 F. Supp. 3d 1221, 1226 (S.D. Fla. 2016), *aff'd*, No. 16-17292, 2017 WL 4220292 (11th Cir. Sept. 22, 2017) (Marra, J.). That is, the *Baez* court did not have occasion to determine whether Regulation X's more expansive definition incorporated the plaintiff's inquiry.

 Lastly, Seterus looks to a district court case from the Middle District of Florida, *Bracco v. PNC Mortg.*, to support its position. No. 8:16-CV-1640-T-33TBM, 2016 WL 4507925, at *5 (M.D. Fla. Aug. 29, 2016). In *Bracco*, the court focused on the following from Regulation X: "A qualified written request that requests information relating to the servicing of the mortgage loan is a request for information for purposes of this section . . . ." 12 C.F.R. § 1024.36(a). Rather than understanding this sentence to mean that a qualified written request relating to servicing is identified as one type of request for information, however, the court there assumed, without discussion, that this phrase signifies that a request for information is necessarily defined as, and only as, "a qualified written request that requests information relating to the servicing of a mortgage loan." Such an interpretation, however, overlooks the first sentence of paragraph (a) that requires a servicer to respond to "any written request for information from a borrower that . . . states the information the borrower is requesting with respect

to the borrower's mortgage loan." *Id.*; *see Cole v. JPMorgan Chase Bank, N.A.*, No. 2:15-CV-2634, 2016 WL 4491731, at *7 (S.D. Ohio Aug. 25, 2016) (noting that 12 C.F.R. § 1024.36 "specifically refer[s] to qualified written requests as one form of a notice of error or request for information."); *Joussett v. Bank of Am., N.A.*, No. CV 15-6318, 2016 WL 5848845, at *3 (E.D. Pa. Oct. 6, 2016) ("§ 1024.36(a) provides that a qualified written request is merely *one type* of covered written request for information.") (emphasis in original); *see also Zaychick v. Bank of Am., N.A.*, 146 F. Supp. 3d 1273, 1279 (S.D. Fla. 2015) (Rosenberg, J., *appeal dismissed* (May 11, 2016) ("the scope of Regulation X limits Plaintiff's requests for information to requests that have some bearing to her . . . mortgage loan"). Further, whether the more expansive definition for information requests was applicable was not at issue in *Bracco*.

Seterus's singular focus on only RESPA's statutory, rather than regulatory, provisions dooms its motion to dismiss. The Court is not persuaded that Seterus's proffered limited definition of a qualifying request for information that triggers a servicer's response requirements carries the day. The Court does not find the cases cited by Seterus to be persuasive nor does it find them to overcome the plain meaning of 12 C.F.R. § 1024.36(a). Further, the Pollacks' position is buttressed by other language within section 1024.36. Paragraph (f) sets forth a number of exceptions that limit a servicer's response obligations. Notably, one of these exceptions applies when "[t]he information requested is not directly related to the borrower's mortgage loan account." § 1024.36(f)(1)(iii) (section titled "Irrelevant information"). That information "not directly related to the borrower's mortgage loan account" is considered "irrelevant," lends credence to the Pollacks' position that information requested that *is* directly related to a loan account is therefore relevant, thus triggering a servicer's response obligations. Also, the Consumer Financial Protection Bureau has itself explained that "[a] qualified written request is just one form that a written notice of error or information request may take. Thus, the error resolution and information request requirements in §§ 1024.35 and 1024.36 apply as set forth in those sections irrespective of whether the servicer receives a qualified written request." *Messina v. Green Tree Servicing, LLC*, 210 F. Supp. 3d 992, 1007 (N.D. Ill. 2016) (quoting 12 C.F.R. § 1024, Supp. I (official CFPB interpretations) and also noting that the terms "qualified written request" and "request for information" are not synonymous)).

### B. The Pollacks' complaint sufficiently alleges actual damages.

Seterus complains that the Pollacks have not set forth facts showing they have sustained actual damages as a result of the alleged RESPA violation. "When a loan servicer fails to comply with the relevant provisions of RESPA, an

individual borrower may recover 'any actual damages to the borrower as a result of the failure.'" *Graham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 WL 1573177, at *3 (S.D. Fla. Apr. 19, 2016) (Cohn, J.) (quoting 12 U.S.C. § 2605(f)(1)(A)). In order to properly plead damages, "a plaintiff must allege 'a causal link between the financing institution's violation and the plaintiff's injuries.'" *Id.* (quoting *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 471 (11th Cir. 2010) (alterations omitted).

Here, the Pollacks agree they can only recover damages they incurred *after* Seterus provided its incomplete or insufficient response to their information request. Seterus's failure to properly respond to the Pollacks' initial request resulted, at a minimum, in the Pollacks' incurring costs, no matter how insignificant, related to submitting further correspondence to Seterus. The Pollacks have therefore sufficiently pleaded their claim for actual damages.

The Pollacks also seek statutory, in addition to actual, damages. (Am. Compl. ¶ 27.) Seterus rightfully complains that the Pollacks have not adequately alleged a pattern or practice of noncompliance. *See Mejia v. Ocwen Loan Servicing, LLC*, No. 16-16353, 2017 WL 3396563, at *4 (11th Cir. Aug. 8, 2017) (noting that in order to establish a "pattern or practice," a plaintiff must show that the defendant's violations represented "a standard or routine way of operating" and that the "[f]ailure to respond to one, or even two qualified written requests does not amount to a 'pattern or practice'"). The Pollacks did not address this issue in their opposition to Seterus's motion and are therefore deemed to have conceded the point: the Pollacks' claim for statutory damages is therefore dismissed.

### 4. Conclusion

In accordance with the foregoing, the Court **grants in part and denies in part** Seterus's motion to dismiss. (**ECF No. 17**.) Based on the agreement of the parties and the Pollacks' apparent concession, the Pollacks' claims for both injunctive relief and statutory damages are dismissed. The Pollacks' claim, however, for actual damages, based on Seterus's violation of 12 C.F.R. § 1024.36, survives. Seterus must therefore respond to what remains of the complaint on or before **December 15, 2017**.

**Done and ordered**, at Miami, Florida, on December 7, 2017.

Robert N. Scola, Jr.
United States District Judge